```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

UNITED STATES                                    PLAINTIFF/RESPONDENT

   v.                    No. 2:09-CR-20059
                      No. 2:11-CV-02055

JUAN AMADOR-VILLANUEVA                              DEFENDANT/PETITIONER

### ORDER

Now on this 19th day of July 2011, there comes on for consideration the report and recommendation filed herein on May 25, 2011, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (Doc. 36). Also before the Court are the Defendant's written objections to the report and recommendation (Doc. 36) and the government's response to those objections (Doc. 38).

The Court conducted a *de novo* review of the record, and considered the Defendant's objection that there was no factual basis to support his guilty plea to money laundering. Pursuant to Title 18, U.S.C. § 1956, the crime of money laundering involves a financial transaction in which the property involved "represents the proceeds of some form of unlawful activity." Defendant cites to *United States v. Khanani*, 502 F.3d 1281, 1296 (11th Cir. 2007), for the proposition that the money laundering statute requires a close connection between the unlawful activity committed and the

proceeds collected.[1]  In *Khanani*, Mr. Khanani owned several bargain and retail stores that sold clothing.  He hired illegal immigrants to work in his stores and warehouses.  The government argued that the retail sales of clothing in Mr. Khanani's stores were proceeds of money laundering, due to the fact that illegal immigrants had been involved in selling the merchandise to consumers.  The court held that the connection between the proceeds collected (retail sales of goods) and the unlawful activity committed (employment of illegal aliens) was too tenuous for there to be a valid cause of action for money laundering.

The instant case is different in that there is a strong connection between the proceeds collected and Defendant/Petitioner's unlawful activity.  In the case at bar, several poultry companies paid Defendant/Petitioner and his chicken-catching business for each chicken caught by Defendant/Petitioner's illegal immigrant work force.  In point of fact, the payments made by these poultry companies were in the form of per-chicken-fees, and all the chickens were caught by illegal immigrants working for Defendant-Petitioner.  The record further reflects that there were no lawful employees employed by Defendant/Petitioner; therefore, 100% of the proceeds of the

---

[1] Defendant first referenced this case to support the legal arguments he advanced in his written objections to the Magistrate's report and recommendation.  The case was not mentioned in Defendant's §2255 Motion to Vacate.

chicken-catching business were directly generated by the labor of an entirely illegal immigrant workforce.  There is no question that Defendant/Petitioner's money laundering conviction was valid.

Accordingly, being well and sufficiently advised, the Court finds that the report and recommendation of the Magistrate is proper and should be and hereby is adopted in its entirety. Defendant/Petitioner's 28 U.S.C. § 2255 motion (Doc. 36) is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge